(C. D. 278)

H. A. CAESAR & Co. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided January 23, 1940)

*Strauss & Hedges* (*Howard Carter* and *Eugene F. Blauvelt* of counsel) for the plaintiffs.

*Webster J. Oliver*, Assistant Attorney General (*Daniel G. McGrath, Joseph E. Weil*, and *Richard E. FitzGibbon*, special attorneys), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: The merchandise here in issue is shown to consist of umbrella cloth in chief value of cotton, but in part of

silk or rayon, or other synthetic textile.   It was classified and assessed
for duty as cotton cloth under the provisions of paragraph 904 (c)
of the Tariff Act of 1930, reading:

PAR. 904. * * * *

(c) Cotton cloth, printed, dyed, or colored, containing yarns the average
number of which does not exceed number 90, 16 per centum ad valorem and, in
addition thereto, for each number, thirty-five one-hundredths of 1 per centum
ad valorem; exceeding number 90, 47½ per centum ad valorem.

plus 5 per centum additional duty under and by virtue of paragraph
905 of said act, reading:

PAR. 905. Cloth, in chief value of cotton, containing silk or rayon or other
synthetic textile, shall be classified for duty as cotton cloth under paragraphs 903
and 904 and shall be subject to an additional duty of 5 per centum ad valorem.

The protest as originally filed claimed that duty was assessed on
the basis of too great a yarn number for the cloth, and that in the
ascertainment thereof only the cotton yarns should be taken into
consideration, and not the yarns composed of silk, rayon, or other
synthetic textile.   The protest further claimed that duty was assessed
on the basis of too great a value of the invoice currency.   By sub-
sequent amendments of the protest the further claim was made that
the merchandise in question is dutiable at 30 per centum ad valorem as
waterproof cloth in chief value of cotton, under paragraph 907 of said
Tariff Act of 1930 and the trade agreement with the Belgo-Luxem-
burg Economic Union, published as T. D. 47600, effective May 1,
1935.

The last-mentioned claim is the only one relied on by the plaintiffs,
the claim as to yarn number having already been decided adversely
to the plaintiffs in the case of *Caesar & Co.* v. *United States*, 24 C. C.
P. A. 136, T. D. 48608, and no evidence has been introduced herein
on the question of currency value.

At the first hearing before this court plaintiffs introduced in evi-
dence Exhibits 1 to 6 and Illustrative Exhibits 7 to 9, inclusive, as
actual or representative samples of the merchandise here in question,
and designated on the invoice by the item numbers as follows:

| Exhibit 1 | Item No. 9667 (brown) |
|---|---|
| 2 | 9667 (navy) |
| 3 | 9661 |
| 4 | 9662 |
| 5 | 9665 |
| 6 | 9666 |
| 7 | 368 |
| 8 | 2244 |
| 9 | 6531 |

Subsequently, on motion of plaintiffs, commissions were issued
herein to take the testimony of (1) Carl Gothschi, manager of the

firm of Heer & Co. of Thalwil, Switzerland, as to the character of the cloth and its subsequent treatment, and (2) of J. Vulliod, Director of the firm of Societe Anonyme Vulliod, Ance, Lyons, France, processors of the cloth here under consideration, which said depositions were received in evidence and marked Collective Exhibit 10.

It appears from the deposition of Carl Gothschi that all of the merchandise here in question was manufactured by his firm, Heer & Co., at their plant in Thalwil, Switzerland, and that the cloth was produced solely as umbrella material; that it was all subjected to a waterproofing process in Lyons, France; that he observed such process a number of times, and that "The umbrella material after it has again dried after dyeing was pulled through a special bath (aluminum acetate) made for water-proofing and later dried again."

Deponent J. Vulliod testified that he was familiar with the items of merchandise here in issue which were shipped to his concern, Societe Anonyme Vulliod, by Heer & Co., the manufacturers of the merchandise; that his concern specialized in the treatment of fabrics for umbrella cloth, and that they had so treated the said cloth; that all of the cloth was received in the grey state, and, after dyeing, was subjected to a waterproofing treatment described by him as follows: "The fabrics above described were subjected to a waterproofing treatment which is accomplished by the addition of acetate of alumina (in French, acetate d'alumine) to the finishing bath."

Plaintiffs also introduced the testimony of its salesman, Hedeman, to the effect that he was general salesman for plaintiff company for the past 5 years, and that he sold merchandise like that here involved only to umbrella manufacturers, and that according to his understanding and experience all cloths sold to umbrella manufacturers must be so treated to be water repellant.

Max Dorf, another witness for plaintiffs, stated that he had been an umbrella manufacturer for the past 34 years; that he purchased cloth like that here involved, including some of the identical items, for the past 20 years, and that all cloths used for umbrella coverings must be waterproofed. In fact, it was conceded by counsel for the Government that "An umbrella is used to prevent a person from getting wet."

In addition to all of the foregoing testimony, there is in evidence as Exhibit 11 a report of the Government chemist who made a test of all the nine samples hereinbefore mentioned as representing the merchandise under consideration, for the purpose of determining whether same were waterproof or not, and his report in each instance shows the cloth to be waterproof.

In view of all the testimony introduced by plaintiffs herein, which is not controverted by any testimony on the part of the Government, but in fact corroborated by the report of the Government chemist, the

claim of plaintiffs that the cloth in the present importation is water-proof cloth, in chief value of cotton, dutiable as such at 30 per centum ad valorem under paragraph 907 of the Tariff Act of 1930, and the trade agreement with the Belgo-Luxemburg Economic Union (T. D. 47600), seems to be fully established. Such claim is therefore sustained to the extent indicated, but the protest is overruled in all other respects.

Judgment will be rendered accordingly.